# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| TAMMY RUSHING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-02662-SHM |
| | ) | |
| SHELBY COUNTY SCHOOL SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are five motions. First, on September 8, 2016, Defendant Shelby County School System[1] ("SCSS") filed a motion to dismiss in part the Complaint filed by Plaintiff Tammy Rushing (the "Partial Motion to Dismiss"). (Mot. to Dismiss Pl.'s Title VII Claim and Mem. of Law in Supp. of Def.'s Partial Mot. to Dismiss, ECF No. 9.) On December 9, 2016, Rushing filed a response to the Partial Motion to Dismiss (the "Response to Partial Motion to Dismiss"). (Pl.'s Resp. to Def.'s Mot. to Dismiss Pl.'s Title VII Claim, ECF No. 24.) SCSS has not filed a reply in support of the Partial Motion to Dismiss, and the time to do so has passed. L.R. 12.1(c).

---

[1] SCSS has represented that Rushing has incorrectly identified the proper defendant in this action, and that the proper defendant is the Shelby County Board of Education. (See, e.g., Mot. to Dismiss 1 n.1.) Following the caption in the Complaint, the Court will refer to the defendant as SCSS.

Second, on April 4, 2017, Rushing filed a motion seeking to reset or extend all existing case deadlines (the "Deadline-Reset Motion"). (Pl.'s Mot. to Reset/Extend All Deadlines, Mem. in Supp., and Certificate of Consultation, ECF No. 25.) SCSS filed a response to the Deadline-Reset Motion (the "Deadline-Reset Response") on April 17, 2017. (Def. Shelby Cty. Bd. of Educ.'s Resp. in Opp'n to Pl.'s Mot to Reset/Extend All Deadlines, ECF No. 31.) Rushing filed a reply in support of the Deadline-Reset Motion (the "Deadline-Reset Reply") on May 1, 2017. (Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. to Reset/Extend All Deadlines, ECF No. 39.)

Third, on April 13, 2017, Rushing filed a motion requesting a temporary restraining order (the "TRO Motion"). (Pl.'s Mot. for TRO, Mem. in Supp., and Cert. of Consultation, ECF No. 27.) The Court referred the TRO Motion to Magistrate Judge Charmiane Claxton on April 14, 2017. (Order of Reference, ECF No. 28 ("TRO Order of Reference").) SCSS filed a response to the TRO Motion (the "TRO Response") on April 18, 2017. (Def. Shelby Cty. Bd. of Educ.'s Resp. in Opp'n to Pl.'s Mot. for TRO, ECF No. 32.) Magistrate Judge Claxton held a hearing on the TRO Motion on April 18, 2017. (See, e.g., Minute Entry, ECF No. 34 ("TRO Hr'g Minutes").) On May 12, 2017, Magistrate Judge Claxton issued a report and recommendation addressing the TRO Motion (the "Report"). (R. & R., ECF No. 42.) Neither party has filed

objections to the Report, and the time to do so has passed. (See, e.g., id. at 7 (setting deadline for objections).)

Fourth, on May 11, 2017, Rushing filed a motion for leave to file an amended complaint. (Pl.'s Mot. for Leave to File Proposed Am. Compl., ECF No. 40 ("Mot. for Leave"); see also Pl.'s Proposed Am. Compl., ECF No. 40-1 ("Proposed Am. Compl.").) On May 17, 2017, Rushing filed a notice that she was striking the Motion for Leave. (Notice Striking Mot. for Leave to Amend, ECF No. 43 ("Amendment-Mot. Notice").) SCSS has not filed a response to the Motion to Leave, and the time to do so has passed. L.R. 7.2(a)(2).

Fifth, on June 9, 2017, Rushing filed a motion (the "Consolidation Motion") to consolidate this action with a second action filed in this Court, Case No. 2:17-cv-02331. (Pl.'s Mot. for Consolidation, Mem. in Supp., and Certificate of Consultation, ECF No. 48.) SCSS filed a response to the Consolidation Motion (the "Consolidation Response") on June 23, 2017. (Def. Shelby Cty. Sch. Sys.'s Resp. to Pl.'s Mot. for Consolidation, ECF No. 54.)

For the following reasons, the Motion for Leave is STRICKEN, the Consolidation Motion is GRANTED, the Motion to Dismiss is DENIED as moot, the Deadline-Reset Motion is DENIED as moot, the Report is ADOPTED, and the TRO Motion is DENIED.

**I.    BACKGROUND**

Rushing filed the Complaint on August 12, 2016.  The Complaint makes numerous allegations about Rushing's employment with SCSS during the 2015–16 school year, when Rushing worked at Treadwell Middle School in Memphis.  (See generally Compl. ¶¶ 9–41.)

The Complaint asserts three causes of action.  (Id. ¶¶ 42–52.)  Count One alleges that SCSS "intentionally[,] willfully and knowingly discriminated against [Rushing] . . . based upon unlawful disability discrimination in violation of the Americans with Disabilities Act of 1990 [("ADA")] . . . and in violation of Title VII . . . ."  (Id. ¶ 43.)  Count Two asserts that Rushing has a cause of action pursuant to 42 U.S.C. § 1983 based on a deprivation of her Fourteenth Amendment due-process rights.  (Id. ¶ 47.)  Count Three asserts that SCSS is liable "for retaliatory discharge and intentional employment discrimination" pursuant to section 50-1-304 of the Tennessee Code.  (Id. ¶ 49.)

SCSS filed the Partial Motion to Dismiss on September 8, 2016.  SCSS filed its answer to the Complaint the same day. (Answer and Affirmative Defenses, ECF No. 8.)

On December 7, 2016, the Court held a scheduling conference and entered a scheduling order after consulting with the parties.  (See, e.g., Scheduling Order, ECF No. 23 ("December 2016 Scheduling Order").)  In relevant part, the scheduling order set

a deadline of January 31, 2017, for the parties to amend their pleadings and join parties; a deadline of April 1, 2017, for Rushing to disclose her expert witnesses; a deadline of June 14, 2017, to complete discovery; a deadline of August 17, 2017, to file any dispositive motions; and a trial date of January 16, 2018. (Id. at 1–2.) On December 9, 2016, Rushing filed the Response to Partial Motion to Dismiss.

Rushing filed the Deadline-Reset Motion on April 4, 2017. In relevant part, Rushing says that she has "just received a right to sue on [a] second EEOC charge," that she needs to amend the Complaint, and that amendment would "require a new Scheduling Order" altering the remaining case deadlines. (Deadline-Reset Mot. ¶¶ 7–8.)

On April 13, 2017, Rushing filed the TRO Motion. The TRO Motion makes various allegations about SCSS conduct. (TRO Mot. ¶¶ 6–29; see also Rep. 2–4 (summarizing allegations).) The TRO Motion seeks "a temporary restraining order, restraining and enjoining [SCSS] and any of [SCSS's] employees from contacting [Rushing] in any way . . . until . . . [Rushing's] treatment provider finds she has sufficiently recovered to return from FMLA leave to her place of employment." (TRO Mot. 9.) The Court referred the TRO Motion to Magistrate Judge Claxton on April 14, 2017. (TRO Order of Reference.)

On April 17, 2017, SCSS filed the Deadline-Reset Response. On April 18, 2017, SCSS filed the TRO Response. The same day, Magistrate Judge Claxton held a hearing on the TRO Motion. (TRO Hr'g Minutes.) On May 1, 2017, Rushing filed the Deadline-Reset Reply.

On May 11, 2017, Rushing filed the Motion for Leave. The Motion for Leave represents that Rushing filed a (second) EEOC charge on December 14, 2016, and that she received a right-to-sue letter addressing that charge on February 13, 2017. (Mot. for Leave ¶ 2.) The Motion states that Rushing "desires to amend her original Complaint to include the second charge and other related causes of action." (Id. ¶ 3.)

Rushing's Proposed Amended Complaint is attached to the Motion for Leave. Paragraphs 12 through 78 of the Proposed Amended Complaint contain allegations about the 2015–16 school year. (Proposed Am. Compl. ¶¶ 12–78.) Those paragraphs repeat many of the factual allegations made in the Complaint, but they include additional allegations about the 2015–16 school year. (Compare id. with Compl. ¶¶ 9–41.) The Proposed Amended Complaint also contains more than three hundred paragraphs of allegations about the 2016-17 school year (Proposed Am. Compl. ¶¶ 79-419), during which Rushing worked at the A.B. Hill Elementary School in Memphis (id. ¶ 79). The Proposed Amended Complaint names an addi-

tional defendant: Dr. Angela Brown, the principal at A.B. Hill Elementary School during the 2016–17 school year.  (Id. ¶ 3.)

The Proposed Amended Complaint asserts twelve causes of action.  (See generally id. ¶¶ 429–64.)  Counts One, Two, and Three in the Proposed Amended Complaint restate Counts One, Two, and Three in the Complaint.  (Compare id. ¶¶ 429–39 with Compl. ¶¶ 42–52.)  Count Four alleges a claim under Title VII based on a second charge of discrimination that Rushing filed with the Equal Employment Opportunity Commission ("EEOC") in December 2016.  Rushing alleges that SCSS "has intentionally interfered" with her rights under the Family Medical Leave Act ("FMLA"), "has intentionally discriminated against [her] . . . based on disability discrimination," has retaliated against her for engaging in protected activities, and has "subjected [her] to a hostile environment on a daily basis."  (Proposed Am. Compl. ¶¶ 441–43.)

Count Five asserts that Rushing has a cause of action pursuant to 42 U.S.C. § 1983 based on SCSS's allegedly depriving her of "constitutionally guaranteed rights to due process under the Fourteenth Amendment."[2]  (Id. ¶ 445.)  Count Six asserts that

---

[2] The relationship between this § 1983 claim and the § 1983 claim in Count Two is unclear.  Count Two asserts that Rushing "has lost her job" and that she "had property rights to her job." (Proposed Am. Compl. ¶ 434.)  Count Five appears to be more expansive.  It states that SCSS denied Rushing

SCSS violated the Individuals with Disabilities Act of 1975 ("IDEA"). (Id. ¶ 447.) Count Seven asserts that SCSS violated Section 504 of the Rehabilitation Act of 1983. (Id. ¶ 448.) Count Eight asserts that SCSS violated the FMLA. (Id. ¶¶ 451–53.) Counts Nine and Ten assert that SCSS is liable to Rushing under sections 49-2-301(b)(1)(H) and 49-2-301(b)(1)(BB) of the Tennessee Code. (Id. ¶¶ 455, 457.) Count Eleven asserts that SCSS violated section 50-1-304 of the Tennessee Code, a part of the Tennessee Public Protection Act. (Id. ¶¶ 459–60.) Count Twelve asserts a claim against SCSS and Brown for intentional and negligent infliction of emotional distress. (Id. ¶¶ 462–64.)

On May 12, 2017, Magistrate Judge Claxton entered the Report addressing the TRO Motion. She recommended that the TRO Motion be denied. (Report 7.)

---

her right to due process including but not limited to: termination of her tenure without notice and opportunity to be heard, conducting disciplinary "hearings" without adequate notice . . . , and allowing said "hearings" to exceed the initial scope of said "hearings," and allowing the hearing officer to investigate further, including interviewing witnesses after the conclusion of said "hearings," without notice and opportunity for Plaintiff to be present and to cross examine said witnesses.

(Id. ¶ 445.)

The same day, Rushing commenced a new action. (Compl., ECF No. 1 in 17-02331 ("Compl. in 17-02331").)[3] The complaint in Case No. 17-02331 is similar to the Proposed Amended Complaint, with two major differences. First, Paragraphs 19 through 57 of the Proposed Amended Complaint, alleging various facts about the 2015-16 school year, do not appear in the complaint in Case No. 17-02331. Second, Counts One through Three of the Proposed Amended Complaint do not appear in the complaint in Case No. 17-02331. For all practical purposes, the complaint in Case No. 17-02331 is an attempt to assert in a new complaint the claims associated with the events underlying Rushing's second EEOC charge.

On May 17, 2017, Rushing filed a Notice Striking Motion for Leave to Amend. (Amendment-Mot. Notice.) The notice states that Rushing's Proposed Amended Complaint in this action is unnecessary because Rushing "has filed a second and separate Complaint" in Case No. 17-02331. (Id.)

On June 9, 2017, SCSS and Brown filed a motion seeking partial dismissal of the complaint in Case No. 17-02331 and additional time to answer the rest of that complaint. (Mot. and Mem. of Facts and Law in Supp. of Defs.' Mot. to Dismiss Pl.'s Title VII and IDEA Claims Pursuant to Fed. R. Civ. P. 12(b)(6)

---

[3] References to "17-02331" are to filings in <u>Rushing v. Shelby County School System</u>, Case No. 2:17-cv-02331 (W.D. Tenn.).

and to Extend the Time to Respond to the Remainder of the Compl., ECF No. 7 in 17-02331 ("Partial Mot. to Dismiss 17-02331 Compl.").) The same day, Rushing filed the Consolidation Motion. Invoking Rule 42(a),[4] that motion seeks consolidation of this case and Case No. 17-02331 "for all purposes." (Consolidation Mot. ¶ 7.) Rushing asks the Court "to merge the cases, such that briefings and rulings may apply to both cases, and there will be one trial, not two." (Id.)

On June 14, 2017, after a request by Rushing, the Court held a status conference. (Minutes, ECF No. 51; see also Pl.'s Mot. for Extension of Discovery and All Other Deadlines 2, ECF No. 49 (requesting status conference).) After that conference, the Court entered an Amended Scheduling Order. (ECF No. 53 ("June 2017 Scheduling Order").) That Order, inter alia, set a written-discovery deadline of August 31, 2017; a dispositive-motion deadline of September 29, 2017; and a trial date of February 20, 2018. (Id. at 1.)

On June 23, 2017, SCSS filed the Consolidation Response. On July 21, 2017, Rushing filed a response to the Motion to Dismiss 17-02331 Complaint. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Pl.'s Title VII and IDEA Claims, ECF No. 12 in 17-02331.)

---

[4] References to "Rule __" are to the Federal Rules of Civil Procedure.

## II. JURISDICTION

The Court has jurisdiction over the Complaint's federal-law claims. Under 28 U.S.C. § 1331, U.S. district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." The Complaint asserts that SCSS (1) discriminated against Rushing in violation of the ADA, (2) discriminated against Rushing in violation of Title VII of the Civil Rights Act ("Title VII"), and (3) denied Rushing her Fourteenth Amendment due-process rights. (Compl. ¶¶ 42–47.) Those claims arise under the Constitution or laws of the United States.[5]

The Court has supplemental jurisdiction over Rushing's state-law claims under 28 U.S.C. § 1367. Those claims derive from a "common nucleus of operative fact" with the federal-law claims. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); Soehnlen v. Fleet Owners Ins. Fund, 844 F.3d 576, 588 (6th Cir. 2016); see also 28 U.S.C. § 1367(a).

## III. ANALYSIS

### A. Motion for Leave

Less than a week after filing the Motion for Leave, Rushing filed the Amendment-Motion Notice. The Notice contends that,

---

[5] Because the Court has jurisdiction over Rushing's federal-law claims under 28 U.S.C. § 1331, it need not address Rushing's statement that the Court also has jurisdiction under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1343.

because Rushing has filed a second complaint in the new Case No. 17-2331, "[a]mendment of [the complaint in this action] is . . . not necessary." (Amendment-Mot. Notice 1.) SCSS has not responded to the Motion for Leave, and Rushing seeks to strike it. The Motion for Leave is STRICKEN.

**B.    Motion to Consolidate**

The Motion to Consolidate asks the Court to consolidate this case and Case No. 17-02331. (See generally Consolidation Mot.) Rushing cites Rule 42(a). (Id. ¶ 8.) Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "'The party moving for consolidation bears the burden of demonstrating the commonality of law, facts or both in cases sought to be combined[.]'" Blasingame v. Church Joint Venture, L.P., No. 15-1038, 2015 WL 3952793, at *2 (W.D. Tenn. June 29, 2015) (alteration in Blasingame) (quoting Banacki v. OneWest Bank, FSB, 276 F.R.D. 567, 571 (E.D. Mich. 2011)).

The parties disagree about whether this action and Case No. 17-02331 involve common questions of law or fact. Rushing argues that both cases seek relief against SCSS, that "[b]oth cases involve claims under federal employment law," and that Case No. 17-02331 "alleges retaliation and other actions, based upon

[Rushing's] protected activities as alleged" in this case. (Consolidation Mot. ¶ 5.) SCSS argues that "the only thing the two lawsuits share is one common Defendant" and that Rushing has "fail[ed] to carry her burden of demonstrating the common question of fact and law." (Consolidation Resp. 4.)

The two actions involve at least one common question of law or fact. SCSS's filings -- specifically, its partial motions to dismiss in the two cases -- support this conclusion. Both the Complaint in this action and the complaint in Case No. 17-02331 allege that SCSS violated Title VII by discriminating against Rushing on the basis of disability. (Compl. ¶ 43; Compl. in 17-02331 ¶ 375.) In both cases, SCSS has argued in a partial motion to dismiss that Title VII cannot ground claims of disability discrimination. (See Partial Mot. to Dismiss 2-3; Partial Mot. to Dismiss 17-02331 Compl. 3-4.) Whether Title VII can ground disability-discrimination claims is a legal question common to both actions. Under Rule 42(a), the Court has discretion to consolidate the actions.

In deciding whether to consolidate cases under Rule 42(a), a district court should consider the factors listed in Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492 (11th Cir. 1985). See, e.g., Carpenter v. GAF Corp., Nos. 90-3460, 90-3461, 1994 WL 47781, at *1 (6th Cir. Feb. 15, 1994) (quoting Hendrix);

Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993)

(same). Under Hendrix, a court should consider

> whether the specific risks of prejudice and
> possible confusion [are] overborne by the
> risk of inconsistent adjudications of common
> factual and legal issues, the burden on par-
> ties, witnesses and available judicial re-
> sources posed by multiple lawsuits, the
> length of time required to conclude multiple
> suits as against a single one, and the rela-
> tive expense to all concerned of the single-
> trial, multiple-trial alternatives.

776 F.2d at 1495 (internal quotation omitted).

The Hendrix factors favor consolidation. The specific

risks of prejudice and possible confusion that could result from

consolidation are minimal. The only "specific risk[]" that SCSS

asserts is "a great potential for confusion and prejudice if

these matters are tried together, as a jury would infer, absent

proof, that Plaintiff's employment was continuous with [SCSS]

and the A.B. Hill Elementary School employees' actions were

somehow related to what Plaintiff contends took place at Tread-

well Middle School during the 2015-16 school year." (Consolida-

tion Resp. 3.) Whether Plaintiff's SCSS employment was

continuous is something SCSS can present to the jury at trial.

If the point is material and there is no reasonable factual dis-

pute about it, the parties can offer a stipulation or SCSS can

seek an appropriate jury instruction. The complaint in Case No.

17-02331 alleges that the events at Treadwell Middle School and

the events at A.B. Hill Elementary School were related. (See, e.g., Compl. in 17-02331 ¶¶ 71-75 (alleging that Brown, principal at A.B. Hill Elementary, was aware of events that had taken place at Treadwell).) Whether the events were related is directly at issue. It is not confusing or prejudicial to adjudicate in one action claims against one employer arising from both school years.

To the extent the Court will handle both cases if they proceed separately, the risk of inconsistent legal decisions is low. The Court can decide the legal issues in both cases consistently. Consolidation will not resolve Rushing's suits more quickly. Rushing does not contemplate a consolidation under which her second action will proceed on the timeline for the first action. She contemplates that the first action will proceed on an extended timeline with the second action.

The potential for jury trials in these cases raises the prospect of inconsistent adjudications. At present, the Court cannot say that the events of the 2016-17 school year are unrelated to the events of the 2015-16 school year. Having separate juries decide the two cases could lead to outcomes based on different views of factual questions common to both cases. A consolidated action eliminates that risk. Having both cases proceed as one consolidated matter will reduce the burden on the parties, witnesses, and available judicial resources.

Rushing "seeks consolidation for all purposes" and asks the Court to "merge the cases, such that briefings and rulings may apply to both cases."  (Consolidation Mot. ¶ 7.)  That request is unclear.  "'Cases consolidated under Rule 42(a) . . . retain their separate identity'"; consolidation does not merge suits into a single action.  Tri-Med Fin. Co. v. Nat'l Century Fin. Enters., Inc., Nos. 98-3617, 99-3062, 2000 WL 282445, at *8 (6th Cir. Mar. 6, 2000) (quoting Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 412-13 (6th Cir. 1998)); see also Twaddle v. Diem, 200 F. App'x 435, 438 n.4 (6th Cir. 2006) (citing Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933)); Lewis, 135 F.3d at 412-13 (quoting Johnson, 289 U.S. at 496).  Each case will require the entry of a separate judgment.  9A Charles Alan Wright et al., Federal Practice & Procedure § 2382 (3d ed. 2008 & 2017 Supp.) (citing cases).

Courts have interpreted Rule 42(a) to authorize "the filing of a unified or master complaint . . . in cases consolidated both for pretrial discovery and for trial."  Id. (citing cases).  This action and Case No. 17-02331 are proceeding on two separate complaints.  Consolidation will best be achieved if the parties and the Court proceed based on a unified complaint containing all of Rushing's allegations and claims.

The Motion to Consolidate is GRANTED.  This case and Case No. 17-02331 are consolidated for discovery and trial as one ac-

tion under Case No. 16-02662. Case No. 17-02331 is closed administratively; when the Court enters judgment in this case, it will enter judgment in Case No. 17-02331. Rushing is ORDERED to file, within 7 days of the entry of this order, a Unified Complaint combining the allegations and causes of action in the complaint in Case No. 16-02662 and the complaint in Case No. 17-02331. She may not add allegations beyond those in the two complaints.

### C. Motion to Dismiss

Because the Motion to Consolidate is being granted and Rushing will be filing a Unified Complaint, the Motion to Dismiss is DENIED as moot. See, e.g., Henry v. Memphis-Shelby Cty. Airport Auth., No. 15-2641-STA-TMP, 2016 WL 1249617, at *3 (W.D. Tenn. Mar. 29, 2016) ("Courts in this Circuit routinely deny as moot motions to dismiss a pleading after a plaintiff subsequently files an amended pleading.") (citing cases). Any named defendants must answer or otherwise respond to the Unified Complaint within 21 days after its filing. Fed. R. Civ. P. 12(a)(1)(A)(i). If the defendants file a motion to dismiss, that motion may include any arguments asserted in the Partial Motion to Dismiss in this action or in the Partial Motion to Dismiss in Case No. 17-02331.

The Court will set a status conference to establish a new scheduling order based on the Unified Complaint.

### D. Deadline-Reset Motion

The Deadline-Reset Motion asks the Court to extend various deadlines from the December 2016 Scheduling Order. The motion states that "[a]ll remaining deadlines" in the case will "need to be reset, once [Rushing] either (a) amends her Complaint; or (b) files a separate action . . . ." (Deadline-Reset Mot. ¶ 8.) The Court will enter a new scheduling order establishing deadlines for the Unified Complaint. The Deadline-Reset Motion is DENIED as moot.

### E. TRO Motion

The TRO Motion asks the Court to "issue a temporary restraining order, restraining and enjoining [SCSS] and any of [SCSS]'s employees from contacting [Rushing] in any way, including by telephone or email, until . . . [Rushing's] treatment provider finds she has sufficiently recovered to return from FMLA leave to her place of employment." (TRO Mot. 9.) The motion also asks that "[a]ny further communications from [SCSS] regarding [Rushing's] FMLA leave should be submitted to [Rushing's] attorney by mail. (Id. at 9-10.)

Magistrate Judge Claxton's Report recommends that, as a threshold matter, the TRO Motion "be treated as one requesting a preliminary injunction" because "a motion is properly treated as one for a preliminary injunction when the adverse party has been given notice, as is the case here." (Report 4.) The Report

cites four factors a court must consider before issuing a pre-
liminary injunction: "(1) whether the movant is likely to pre-
vail on the merits; (2) whether the movant would suffer an
irreparable injury if the court does not grant a preliminary in-
junction; (3) whether a preliminary injunction would cause sub-
stantial harm to others; and (4) whether a preliminary
injunction would be in the public interest." (Id. at 5 (citing
Overstreet v. Lexington-Fayette Urban Cty. Gov't, 305 F.3d 566,
573 (6th Cir. 2002); Leary v. Daeshner, 228 F.3d 729, 736 (6th
Cir. 2000)). The Report recommends denying the TRO Motion.
(Id.) The Report states that the allegations in the TRO Motion
are temporally distinct from the allegations in the Complaint
and address matters not pled in the Complaint. (Id.) The first
factor of the preliminary-injunction test "weighs so heavily
against Plaintiff . . . as to prevent the issuance of a prelimi-
nary injunction." (Id.)

The Report also makes certain recommendations about inter-
action between SCSS and Rushing:

> Although it is recommended that no prelimi-
> nary injunction shall issue, the Court ad-
> vises Defendants to make all reasonable
> efforts to assist Plaintiff with the treat-
> ment plan that her psychiatrist has provid-
> ed[,] and Plaintiff to understand that
> certain communications may be necessary as a
> current employee of Defendant and as a
> Plaintiff pursuing a case against Defendant.
> It appears to the Court that, to the extent
> that [any] necessary or important communica-

> tions may be relayed through Plaintiff's
> counsel or by representatives of [SCSS] not
> involved in the allegations in this litiga-
> tion, it would allow for Plaintiff to follow
> her medical treatment plan while [SCSS] also
> [complies] with [its] obligations as her em-
> ployer during the course of this litigation.

(Id. at 6.)

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869–70 (1989)); see also Baker v. Peterson, 67 Fed. App'x 308, 310 (6th Cir. 2003). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151–52.

The Report requires that any objections be filed within fourteen (14) days after service. (Report 8; see also 28 U.S.C.

§ 636(b)(1) ("Within fourteen days after being served with a copy [of the magistrate judge's report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").) Because no party has objected, <u>Arn</u> counsels the Court to adopt the Report in its entirety. 474 U.S. at 151–52. Adopting the Report is consistent with the policies underlying § 636 –– specifically, judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." <u>Howard v. Sec'y of Health & Human Servs.</u>, 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Report is ADOPTED. The TRO Motion is DENIED.

## IV. CONCLUSION

The Motion for Leave is STRICKEN. The Consolidation Motion is GRANTED. Rushing is ORDERED to file a Unified Complaint as directed. Case No. 17-02331 is closed administratively. The Partial Motion to Dismiss and the Deadline-Reset Motion are DENIED as moot. The Report addressing the TRO Motion is ADOPTED, and the TRO Motion is DENIED.

So ordered this 7th day of August, 2017.


/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE