```
IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| TAMMY RUSHING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 2:16-cv-02662-SHM |
| | ) |
| SHELBY COUNTY SCHOOL SYSTEM and | ) |
| DR. ANGELA BROWN, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Before the Court is Defendant Shelby County School System ("SCSS")[1] and Defendant Dr. Angela Brown's (collectively, "Defendants") Partial Motion to Dismiss, filed on September 21, 2017. (ECF No. 60.) Plaintiff responded on November 2, 2017. (ECF No. 64.)

For the following reasons, the Partial Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

**I.  BACKGROUND**

This Order includes an abbreviated background addressing events since the Court's August 7, 2017 Order. (ECF No. 55.)

---

[1] SCSS has represented that Rushing has incorrectly identified the proper defendant in this action, and that the proper defendant is the Shelby County Board of Education. (See, e.g., ECF No. 7 at 1 n.1.) Following the caption in the Complaint, the Court will refer to the defendant as SCSS.

Events before August 7, 2017, are addressed in the August 7, 2017 Order.

On August 7, 2017, the Court entered an Order addressing several pending motions, including Plaintiff's June 9, 2017 Motion to Consolidate. (Id.) The Order granted Plaintiff's request to consolidate Case No. 16-02662 and Case No. 17-02331 as one action under Case No. 16-02661. (Id. at 351-52.)[2] The Court ordered Plaintiff "to file, within 7 days of the entry of this order, a Unified Complaint combining the allegations and causes of action" in the two cases. (Id. at 352.) The Order provided that Plaintiff "may not add allegations beyond those in the two complaints." (Id.)

On August 31, 2017, Plaintiff filed her Unified Complaint. (ECF No. 59.) On September 21, 2017, Defendants filed the Partial Motion to Dismiss. (ECF No. 60.) Plaintiff responded on November 2, 2017. (ECF No. 64.)

## II. STANDARD OF REVIEW

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when

---
[2] Unless otherwise noted, all pin cites for record citations are to the "Page-ID" page number.

2

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks and alteration omitted).

The Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp., 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. See Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as

true a legal conclusion couched as a factual allegation"). Rule 12(b)(6) "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

**III. ANALYSIS**

Defendants move to strike allegations that they argue Plaintiff added to her Unified Complaint in violation of the Court's Order. Defendants also move to dismiss several of the claims in Plaintiff's Unified Complaint.

**A.    Additional Allegations in Unified Complaint**

Defendants contend that Plaintiff violated the Court's August 7, 2017 Order when she "alleged new facts" in paragraph 396 of the Unified Complaint. (Id. at 473.) Plaintiff contends that the new facts in that paragraph are a restatement of facts contained in her original complaints. (Id. at 494-95.)

Paragraph 396 of Plaintiff's Unified Complaint states:

396. As a direct and proximate result of the statutory violations committed by SCBE by and through its employees and administrators, against Plaintiff, and the tortuous acts committed by SCBE and its employees and administrators and by Dr. Angela Brown against Plaintiff, Plaintiff has suffered the following injuries and damages[]
    a. Severe emotional distress, acute and now chronic, depression, and anxiety, including panic at-

> tacks and a generalized sense that she is isolated and without any support from other people, humiliation, and embarrassment; sense of impending danger, loss of self-esteem.
> b. Physical pain and suffering, including prolonged episodes of crying, elevated blood pressure, inability to eat, stomach and digestive distress, inability to sleep, nightmares, shaking, shortness of breath, inability to concentrate, chest tightness.
> c. Loss of income (past, present and future), injuries to her professional reputation and to her career opportunities.

(ECF No. 59 at 440.)

Plaintiff's allegation that she has suffered "a generalized sense that she is isolated and without support from other people . . . sense of impending danger, [and a] loss of self-esteem," and her allegation that she suffers from "elevated blood pressures . . . shaking, shortness of breath, inability to concentrate, [and] chest tightness" do not appear in her first or second original complaints. (See ECF No. 1; 17-02331, ECF No. 1.)[3] Those allegations are STRICKEN from Plaintiff's Unified Complaint. The remaining factual allegations appear in Plaintiff's original complaints. (Id.)

### B. Dismissal of Title VII Discrimination Claim

Defendants contend that "Plaintiff's Title VII claim must be dismissed" because Plaintiff alleges discrimination based on disability, and "Title VII applies only to discrimination on the basis of race, color, religion, sex, or national origin." (ECF

---

[3] Citations to (17-02331, ECF at ##) refer to the case Rushing v. Shelby County School System, No. 2:17-cv-02331-SHM (W.D. Tenn.).

5

No. 60 at 474.) Plaintiff responds by arguing that "caselaw under Title VII applies to ADA cases." (ECF No. 64 at 496.)

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII does not cover disability discrimination claims. Clark v. City of Dublin, Ohio, 178 F. App'x 522, 524 (6th Cir. 2006).

Plaintiff does not allege that she is a member of a protected group under Title VII. Plaintiff's claim does not invoke Title VII. Plaintiff's Title VII claims alleging discrimination based on disability are DISMISSED.

**C. Dismissal of IDEA Claim**

Defendants argue that Plaintiff's claim based on The Individuals with Disabilities Education Act of 1975 ("IDEA") should be dismissed for lack of standing. (ECF No. 60 at 474-75.) Defendants argue that Plaintiff lacks standing to bring her IDEA claim because "the right to pursue an IDEA claim is limited to parents." (Id. at 477.) Plaintiff concedes "that the IDEA/IDEIA claims asserted by [Plaintiff] must be dismissed. . . . based on the standing issue." (ECF No. 64 at 497.)

Plaintiff's IDEA claim is DISMISSED.

6

**D. Dismissal of Assault, Battery, Intentional Infliction of Emotional Distress, and False Reporting Claims**

Defendant SCSS contends that it is immune from suit on Plaintiff's assault, battery, false reporting, and intentional infliction of emotional distress claims under the Tennessee Governmental Tort Liability Act ("TGTLA"). (ECF No. 60 at 479-81.) Plaintiff "agrees any claims for intentional (state) torts . . . includ[ing] Plaintiff's false report claim . . . and Plaintiff's assault and battery claim" should be dismissed.[4] (ECF No. 64 at 499.)

Plaintiff's claims for assault, battery, intentional infliction of emotional distress, and false reporting against SCSS are DISMISSED.

**E. Dismissal of Negligent Infliction of Emotional Distress Claim**

Defendant SCSS argues that Plaintiff's claim for negligent infliction of emotional distress should be dismissed because it is also barred by the TGTLA. (ECF No. 60 at 479.) Defendant SCSS cites Johnson v. City of Memphis 617 F.3d 864 (6th Cir. 2013) to support its argument that, "[w]here a plaintiff's claim for negligence 'arises out of the same circumstances giving rise to her civil rights claim under § 1983,' as is the case here,

---

[4] Plaintiff claims that there is "[o]ne[] caveat" to her concession: "[i]f [Defendant] has a policy of insurance for general liability it negates the immunity to the extent of the coverage." (ECF No. 64 at 499.) Plaintiff's Unified Complaint, however, fails to allege any facts about Defendants' insurance policy. For that reason, the Court does not consider whether Defendants have an insurance policy in assessing Defendants' immunity.

7

the TGTLA civil rights exception applies." (Id. at 480.) Plaintiff "contends that [Defendant's] reliance on Johnson v. City of Memphis is misplaced" because "Plaintiff does not contend that the injuries from her due process cause of action are the same as the injuries from her negligent infliction of emotional distress." (ECF No. 64 at 498-99.)

"The TGTLA removes immunity for 'injury proximately caused by a negligent act or omission of any employee within the scope of his employment,' but provides a list of exceptions to this removal of immunity." Johnson, 617 F.3d at 872 (quoting Tenn. Code Ann. § 29-20-205). "Injuries that 'arise[ ] out of . . . civil rights' are one such exception, that is, sovereign immunity continues to apply in those circumstances." Id. (quoting Tenn. Code Ann. § 29-20-205(2)); accord Parker v. Henderson Cnty., No. W2009-00975-COA-R3-CV, 2010 WL 377044, at *4 (Tenn. Ct. App. Feb.4, 2010) (finding that immunity has been removed because "there is no basis for this Court to conclude that [the plaintiff's] injury arose out of a violation of his federal civil rights").

The "TGTLA's 'civil rights' exception has been construed to include claims arising under [ ] § 1983 and the United States Constitution." Johnson, 617 F.3d at 872. For purposes of the civil-rights exception, a state-law claim arises under § 1983 if it "arises out of the same circumstances giving rise to [the

8

plaintiff's] civil rights claim under § 1983." Id.; accord Partee v. City of Memphis, Tenn., 449 F. App'x 444, 448 (6th Cir. 2011) ("The district court correctly concluded that these claims arise out of exactly the same circumstances as the [plaintiffs'] civil rights claims, thus falling within the exception to the waiver of immunity set forth in the [TGTLA].").

Plaintiff's negligent infliction of emotional distress claims arise out of the same circumstances as her § 1983 claim. Plaintiff's allegations about her negligent infliction of emotional distress and her § 1983 claim arise from Defendant SCSS's actions during the 2015-16 and 2016-17 school years. (ECF No. 59 at 365-440.) In alleging her negligent infliction of emotional distress claim, "Plaintiff incorporates by reference the allegations contained in all [427] previous paragraphs of this Amended Complaint as if fully set forth herein." (Id. at 447.) Plaintiff does not allege any facts that support her claim for negligent infliction of emotional distress that do not also support her § 1983 claim. Plaintiff's claim for negligent infliction of emotional distress is DISMISSED.

**F. Dismissal of Claims Against Defendant Brown in her Official Capacity**

Defendants argues that "[Defendant] Brown, in her official capacity, is entitled to dismissal on the state law claims [against her] on the basis of [Defendant Shelby County School

System's] immunity under the TGTLA." (ECF No. 60 at 482.) The Unified Complaint does not specify whether Plaintiff is suing Defendant Brown in her official capacity or in her individual capacity. (See ECF No. 59.) Plaintiff contends that she is not "bringing her claims against Dr. Angela Brown in her official capacity. These claims . . . are asserted against Brown in her individual capacity." (ECF No. 64 at 499-500.)

To the extent that Plaintiff is suing Defendant Brown in her official capacity, Plaintiff's claims against Defendant Brown are DISMISSED. To the extent that Plaintiff is suing Defendant Brown in her individual capacity, Plaintiff's claims against Defendant Brown may proceed.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Partial Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff is instructed to file a revised complaint in accordance with this Order.

So ordered this 8th day of February, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE